IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LUIS HUMBERTO RODRIGUEZ,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 3:24-CV-1827-X** |
| | § | **(NO. 3:19-CR-652-X)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Luis Humberto Rodriguez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the Court determines that "the motion and the files and records of the case conclusively show that [Rodriguez] is entitled to no relief," 28 U.S.C. § 2255, **DENIES** the request for an evidentiary hearing, and **DENIES** the motion for the reasons stated below.

I.    BACKGROUND

The record in the underlying criminal case reflects the following:

On December 18, 2019, a grand jury charged Rodriguez on one count of Transporting and Shipping Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). CR ECF No.[1] 15. Rodriguez entered a plea of not guilty. CR ECF No. 17. On February 26, 2020, Rodriguez was charged in a superseding indictment with three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and one count of Transporting and Shipping Child Pornography,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-cr-652-X.

in violation of 18 U.S.C. § 2252A(a)(1). CR ECF No. 22. Rodriguez initially entered a plea of not guilty, CR ECF No. 24, but he later pled guilty to one count of Production of Child Pornography ("Count One") and one count of Transporting and Shipping Child Pornography ("Count Four") pursuant to a plea agreement, CR ECF Nos. 33, 35, 37, 38, 41. Under the plea agreement, Rodriguez waived his right to appeal or otherwise challenge his sentence except in specified circumstances. *See* CR ECF No. 22 at 7.

The Court sentenced Rodriquez to an aggregate term of imprisonment of 600 months, with an aggregate five-year term of supervised release. CR ECF No. 72. Rodriguez appealed, but his appellate counsel filed an *Anders* brief. *See United States v. Rodriguez*, No. 23-10212, 2023 WL 5584137 (5th Cir. Aug. 29, 2023) [CR ECF No. 78]. The Fifth Circuit granted appellate counsel's motion for leave to withdraw and dismissed the appeal. *Id.*

On July 16, 2024, Rodriguez filed this motion to vacate listing four grounds in support. ECF Nos.[2] 2, 3, 7. The government responded. ECF No. 11. Rodriguez did not file a reply.

## II.    GROUNDS OF THE MOTION

Rodriguez raises four grounds in support of his motion:

(1)    Ineffective assistance of counsel based on failure to object to factual basis of guilty plea

(2)    Incorrect or insufficient factual bases for Counts One and Four

(3)    Ineffective assistance of counsel as to mitigation evidence at sentencing

(4)    Ineffective assistance of appellate counsel based on failure to challenge factual basis of guilty plea

ECF No. 2.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

III.    **APPLICABLE LEGAL STANDARDS**

A.    **28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

3

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Three of Rodriguez's grounds relate to his assertion that there was an incorrect or insufficient factual basis for his guilty plea. Specifically, he asserts, as to Count One, that the description of the video cited in the indictment and factual resume is incorrect. *See* ECF No. 7 at 26. As to Count Four, Rodriguez asserts that, despite the fact that the child is nude, the video does not meet the legal definition of lewd and lascivious exhibition of the genitals of a minor, and therefore, there was an insufficient factual basis for his guilty plea on that count. *See id.* at 26-27.

As to the first claim, both the indictment and factual resume for the count of Production of Child Pornography describe the video as "depicting Rodriguez' penis rubbing on Jane Doe's

4

exposed genitals." CR ECF No. 22 at 1; CR ECF No. 35 at 3. Rodriguez now asserts that the video "based on his recollection" does not involve the described activity but that he instead "recalls that Jane Doe's buttocks are exposed and his finger appears to be rubbing the crack of Jane Doe's buttocks…." ECF No. 7 at 26. Rodriguez signed the factual resume in 2020 and testified in open court that he understood what was stated in the factual resume and that the facts were true and correct. *See* CR ECF No. 35; CR ECF No. 76 at 13.

Further, it is notable that he had more than three months between the date his plea agreement and factual resume was filed and his re-arraignment hearing to contest the facts in the factual resume and more than two years between his re-arraignment hearing in January 2021 and his sentencing in February 2023 to do so. Instead, he waited nearly four years before asserting that his recollection of the video was different than the description to which he testified in 2020, far closer to the events at issue. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting movant must produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations). Rodriguez's vague assertions as to his recollection of a video do not overcome the presumption of verity of his previous sworn statements in open court as to Count One.

As to Count Four, Rodriguez focuses solely on whether the posture of the child in the video meets the definition of lascivious exhibition of the genitals, citing Fifth Circuit cases setting out the factors for determining whether a depiction is lascivious. *See* ECF No. 7 at 27 (citing *United States v. Grimes*, 244 F.3d 275, 280 (5th Cir. 2001) (setting out *Dost* factors); *United States v.*

5

*McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (same)). In doing so, he wholly ignores and discounts the sexually explicit activity of the adult "male ejaculating on the chest and face of [the] nude female minor" and the effect that has on the analysis. CR ECF No. 35 at 3. His argument is based on a line of cases from the Seventh Circuit that requires that the minor actively engage in sexually explicit conduct to violate 18 U.S.C. § 2251(a). *See id.* (citing *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020); *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021).[3] Those cases discount the argument that using a child as an object of sexual desire meets the statutory requirements and examine only whether the minor is actively taking part in the sexually explicit conduct. *See Sprenger*, 14 F.4th at 791; *Howard*, 968 F.3d at 721; *but see United States. v. Danford*, No. 22-2868, 2023 WL 5095712, at *2-3 (7th Cir. Aug. 9, 2023) (affirming acceptance of guilty plea by district court and recognizing that the prior cases "never reached the counterfactual question of what might constitute sufficient engagement" and that "there is room for debate" as to what actions by a minor could fit the definition of sexually explicit conduct).

Other circuits, however, have held that use of a child as a passive participant in depictions of sexually explicit conduct by an adult is sufficient to establish that a child was used to create pornography. *See United States v. Osuba*, 67 F.4th 56, 62-63 (2nd Cir. 2023); *United States v. Lohse*, 797 F.3d 515, 521 (8th Cir. 2015); *United States v. Finley*, 726 F.3d 483, 494-95 (3d Cir. 2013). Those cases interpret the language in 18 U.S.C. §2251(a) (as do the Seventh Circuit cases), which differs slightly from the definition of child pornography in 18 U.S.C. § 2556(8), which is incorporated into 18 U.S.C. § 2252A, the law Rodriguez was convicted of violating in Count Four.

---

3 Rodriguez also cites a Fifth Circuit case, *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011), but the video in that case only depicted a minor videoed in the nude without her awareness, meaning that the issue there was limited to whether the depictions of the minor were lascivious.

*Compare* 18 U.S.C. § 2251(a) ("[a]ny person who … uses … any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction"), *with* 18 U.S.C. § 2556(8)(A) ("any visual depiction … of sexually explicit conduct, where … the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct").

The Eleventh Circuit has distinguished between the phrasing "to engage in" in § 2551(a) and the phrase "engaging in" in the definition of child pornography. *See United States v. Dawson*, 64 F.4th 1227, 1236-37 (11th Cir. 2023). It acknowledged, however, that even if were to interpret § 2551(a) as requiring the minor to engage in the sexually explicit conduct, Dawson "made her unwittingly and passively engage in sexually explicit conduct when he used her presence as the object of his sexual desire during filmed masturbation." *Id.* at 1237 n.7.

A more recent decision by the Second Circuit disagrees with the Eleventh Circuit's distinction in language. *See Osuba*, 67 F.4th at 63. That Circuit agrees with the Seventh Circuit that a minor must engage in the sexually explicit activity but does not define engagement as narrowly as the Seventh Circuit. *Id.* at 62. Instead, it specifically acknowledges that "[e]ngagement, of course, can be active or passive" and held that the statutory requirements were met because "Osuba's sexual activity was wholly directed toward [the sleeping child], in a way that rendered her a participant (albeit a passive one) in that activity." *Id.*

The Fifth Circuit has already determined that videotaping or photographing a minor is sufficient to show "use." *See United States v. Bennett*, 780 F. App'x 195, 196 (5th Cir. 2019); *United States v. Barry*, 634 F. App'x 407, 411 (5th Cir. 2015). Here, the conduct at issue – "the adult "male ejaculating on the chest and face of a nude female minor" who is aware of and

passively participating in the sexually explicit activity sufficiently meets the statutory definitions under 18 U.S.C. § 2556.

Because there was a sufficient factual basis to support Rodriguez's plea in Count Four as well as a sufficient factual basis to support the plea in Count One, Rodriguez's second ground for relief is denied.

Further, because the factual basis is sufficient, Rodriguez cannot show deficient performance by or prejudice from his trial counsel failing to object to the sufficiency of the factual basis or his appellate counsel failing to raise the claim on direct appeal. Therefore, Rodriguez's first and fourth grounds for relief are denied.

As part of his claim on the sufficiency of the factual basis for his guilty plea, Rodriguez also alleges Rule 11 errors. *See* ECF No. 7 at 21-24. He does not include this argument as a separate grounds for relief, but to the extent that it should be liberally construed as alleging an independent ground for invalidating Rodriguez's guilty plea, his argument fails.

"'[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Crain*, 877 F.3d 637, 643-44 (5th Cir. 2017) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Rodriguez asserts that the written waiver of appellate rights in the plea agreement conflicted with the colloquy at his re-arraignment hearing, *see* ECF No. 7 at 21, but he does not show a reasonable probability that, but for the error, he would not have entered the plea.

Even if he did, however, his argument would fail. The plea agreement waiver position begins "Waiver of right to appeal or otherwise challenge sentence" and separately describes the

waiver of the right to a direct appeal or to otherwise contest the conviction through any collateral proceeding. CR ECF No. 33 at 7. Rodriguez asserts that the magistrate was required to use the words "collateral proceeding" or "§ 2255," but the magistrate clearly asked Rodriguez if he understood that he was broadly waiving his "right to appeal and otherwise challenge [his] conviction and sentence" and listed the same limited exceptions as the waiver paragraph in the plea agreement. CR ECF No. 76 at 22. Therefore, to the extent that Rodriguez might assert this as a separate ground for relief, it is denied.

Finally, Rodriguez's third ground for relief asserts that his trial attorney failed to present sufficient mitigation evidence at the sentencing hearing. *See* ECF No. 7 at 38-44. He argues that his counsel should have hired a psychosexual effort and that she both focused too much on challenging the results of the polygraph taken at the time of Rodriguez's arrest and did not challenge the polygraph and related testimony with "any real force, fervor, or specifics." *See id.*

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (cleaned up; quoting *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)). "To prevail on such a claim, 'the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'" *Id.* (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Rodriguez does not make this showing, but instead merely speculates as to what a witness might have testified on and what impact it might have had.

9

Similarly, to the extent that Rodriguez's complaint is that his trial counsel did not sufficiently investigate his background, "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," or in this case, the sentencing. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013) (cleaned up). "'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (cleaned up; quoting *Strickland*, 466 U.S. at 690-91). This assessment is conducted "applying a heavy measure of deference to counsel's judgments." *Id.* at 522.

Trial counsel did investigate and raise Rodriguez's past pedophilic history at the sentencing hearing, *see, e.g.* CR ECF 77 at 66-74, 77-78, and Rodriguez has not shown what additional investigation could have uncovered or how that would have altered the outcome of his sentencing hearing. Finally, with respect to Rodriguez's arguments with respect to the polygraph evidence, the minutiae of whether trial counsel focused too heavily on those objections or argued them without enough force The *Strickland* standard is not a vehicle to "second-guess counsel's assistance after conviction." *Strickland*, 466 U.S. at 689. These opposing complaints about counsel's performance ask the Court to abandon the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.*, and instead micromanage

10

both counsel's amount of time spent on partially successful objections[4] to the polygraph evidence and the amount of enthusiasm and specificity with which she made them.

Rodriguez's complaints about his trial counsel's performance at the sentencing hearing fail. Therefore, his third ground for relief is denied.

## V.   CONCLUSION

For the reasons discussed herein, Petitioner Luis Humberto Rodriguez's request for an evidentiary hearing is **DENIED** and the relief sought in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.

**SO ORDERED** this 16th day of April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

4 *See* CR ECF 77 at 30-32.

11